IN THE MATTER OF: JERRY L. ALSTON, Respondent.
No. 717, 2009, UPL No. 2008-0664-U.
Supreme Court of Delaware.
Submitted: January 6, 2010.
Decided: March 1, 2010.
Before STEELE, Chief Justice, HOLLAND and RIDGELY, Justices.

ORDER
STEELE, Chief Justice.
This 1st day of March 2010, it appears to the Court that the Board on the Unauthorized Practice of Law has filed its Report and Recommendation in this matter pursuant to Rule 9(d) of the Rules of the Board on the Unauthorized Practice of Law. Neither the Respondent nor the Office of Disciplinary Counsel has filed objections to the Board's Report. The Court has reviewed the matter pursuant to Rule 9(e) and concludes that the Board's Report should be approved.
NOW, THEREFORE, IT IS HEREBY ORDERED that:
(1) The Report of the Board on the Unauthorized Practice of Law filed on December 14, 2009 (copy attached) is APPROVED.
(2) The Respondent shall CEASE and DESIST the unauthorized practice of law immediately. The Office of Disciplinary Counsel is directed to take any action that is necessary to enforce this Order on an expedited basis.
(3) This Order shall be disseminated electronically by the Office of Disciplinary Counsel to all members of the Delaware Judiciary.
(4) This Order terminates the proceedings related to the matters that gave rise to the petition in this case.

BOARD ON THE UNAUTHORIZED PRACTICE OF THE LAW OF THE SUPREME COURT OF THE STATE OF DELAWARE
 IN RE: UPL No. 2008-0664-U
 JERRY L. ALSTON,
 Respondent
This is a factual finding and recommendation from the Board on the Unauthorized Practice of the Law of the Supreme Court of the State of Delaware  "Board"  on an Amended Petition  "Petition"  filed by the Office of Disciplinary Counsel  "ODC". The Petition was signed January 13, 2009 with a Certificate of Service date of June 4. 2009; the Petition was also filed with the Board on June 4. 2009,
Jerry L. Alston  "Alston" or "Respondent"  is the subject matter of the Petition.
The Board held a Hearing on July 15, 2009. Reference to Exhibits at the Hearing will be as "Ex. _____" and to the Transcript of the Hearing as "Tr. ____".
In the Petition it is alleged:
1. Alston is not licensed to practice law in Delaware.
2. Alston is the owner of 777 Para-Legal Services[1]  "777".
3. Alston and 777, in a "Written Notice of Appearance" dated February 19, 2008, addressed to Delaware Sale University, Dover. Delaware  "DSU" claimed to represent the interest of an individual, Micah L. Parker, in a dispute concerning DSU. The document further demanded DSU produce certain documents. [Ex. I]
The stated purpose of the document was:
"Be advised the investigations scope and purpose is sufficient to establish whether or not there is the legal basis for filing of a civil law suit against you."
4. Alston represented a thud party, 777, in a legal action. This occurred when, from Alton's point of view, discussions between Alston and DSU's counsel become unproductive. Alston filed in Superior Court, Kent County, on behalf of himself and 777, an action against DSU's counsel and DSU's counsel's law firm. Alston, et al, v. White and Williams. LLP, et al, DelSuper., ___ A2d ___, (Kent County, CA No. 08C-05-023, 11/19/2008)[2]
ODC requests in its Petition:
"... the Board find as a matter of fact and law that the Respondent has engaged in the unauthorized practice of law in the State of Delaware; and that the Board express its findings in a final report to the Court recommending that the Respondent cease and desist from engaging in the unauthorized practice of law in the State of Delaware by acting in a representative capacity in a Delaware legal tribunal or governmental agency, by giving legal advice on matters relating to Delaware law, by drafting documents reflecting upon Delaware Law for use in a Delaware legal tribunal or Governmental agency, and holding himself out as being authorized to practice law in the State of Delaware."
ODC's request for relief will be granted for the reasons herein. However, the Board cautions that based on the evidence presented to it  or, as will be seen, the evidence not presented to it  an Order from the Supreme Court will probably have little, if any, affect on Alston's conduct.

- - - - - - - - - - - - -
In Delaware State Bar Asso'n v. Alexander, DelSupr., 386 A2d 652 (1978) at page 661, the Delaware Supreme Court stated guidelines concerning "the practice of law":
"`In general, one is deemed to be practicing law whenever he furnishes to another advice or service under circumstances which imply the possession and use of legal knowledge and skill. The practice of law includes " "all advice to clients, and all actions taken for them in matters connected with the law." `* * * Practice of law includes the giving of legal advice and counsel, and the preparation of legal instruments and contracts of which legal rights are secured. * * * Where the rendering of services for another involves the use of legal knowledge or skill on his behalf  where legal advice is required and is availed of or rendered in connection with such services  these services necessarily constitute or include the practice of law.'" [citations omitted)
* * * * * *
"`The practice of law [in addition to conduct of litigation in courts of record] consists generally, in the rendition of legal service to another, or legal advice and counsel as to his rights and obligations under the law, calling for a degree of legal knowledge or skill, usually for a fee, or stipend, i.e. that which an attorney as such is authorized to do; and the exercise of such professional skill and certainly includes the pursuit, as an advocate for another, of a legal remedy within the jurisdiction of a quasi judicial tribunal'". [citations omitted]
* * * * * *
"`In determining what is the practice of law, it is well settled that it is the character of the acts performed and not the place where they are done that is decisive. The practice of law is not, therefore, necessarily limited to the conduct of cases in court but is engaged in whenever and wherever legal knowledge, training, skill and ability are required.'" [citations omitted)
- - - - - - - - - - - -
Turning to items 1  4. above:

1
Alston agreed he is not licensed to practice law in the State of Delaware or anywhere else:
"I have no license to practice law in the State of Delaware or any other state." [Tr. 13]

2
Alston acknowledged 777 Para-Legal Services ". . . is a name I chose for my business." [Tr. 24] He also stated the business is independently licensed.
"1 have a business license in the State of Delaware in the name of 777 Para-Legal Services" [Tr. 24]
Alston was less than forthcoming about what type of entity 777 was. When specifically asked, he declined to respond other than as noted above.
In view of Alston's testimony, the Board finds that 777 Para-Legal Services is an independent, third party, entity owned by Alston.

3
Even a cursory reading of Ex. 1 shows it is intended to be a legal document, one that would be prepared by, or under the direct supervision of, an attorney. Any reading of the document, given the purpose of the document as contained within it and quoted above, forces the conclusion that Ex. 1 is being sent for the purpose of legal proceedings. Even the second page of Ex. 1 is titled  and notarized  as an "`Affidavit of Service and Notice of Appearance"; page two contains the further direction that all questions be directed to 777's and Alston's telephone numbers.
Alston characterizes his conduct on behalf of Micah L. Parker as:
"I assisted him only". [Tr. 13]
"In a para-legal capacity only."
and
"As a para-legal, as identified by the document" [Tr. 34. for both]
Alston staled that nowhere on Ex. 1 does he indicate he is representing himself as an attorney. [Tr. 14] [See also Alston's Notice of Hearing filed June 1, 2009, page 3, all caps bold, 4th fine from the bottom.]
At no time during the Hearing, or in any of his documents, did Alston indicate he was working for, or under the supervision of, a licensed attorney. To the contrary, his position was consistent: he was allowed to independently do what he had been doing.[3]
No matter how inarticulately Ex. 1 may be drafted, it purports to be a demand in pending or potential litigation, and directs the recipient to take action because of pending or potential legal proceedings. This is the practice of law.
The filing of Alston, et al. v. White and Williams, LLP, et al,, and Alston's conduct of the case on behalf of 777, an independent legal entity, is also the practice of law. Delaware State Bar Asso'n v. Alexander, supra.

- - - - - - - - - - - -
What is here is someone  Alston  who has cloaked himself in a name  `"para-legal" and is conducting himself as an attorney, with all of the rights and privileges which an attorney would have. The following colloquies are instructive: [Alston is the witness.]
"THE WITNESS: I assisted Mr. Parker in finding out where the legal law library was, for example. There were several of them. I assisted him in looking up certain documents he was looking for in the law library. Certain items that the union had, for example. So I assisted him. That's what I did." [Tr. 25 & 26]
* * * *
CHAIRMAN: Did you conduct any interviews of Mr. Parker to determine the factual basis for any claims he might have?
WITNESS: I'm not going to discuss any of the issues, or any of the things that I did with a client. That's confidential. And that would be work product. You're going into a slippery slope. Again, these issues are before the U. S. Supreme Court. I think this is where I should stop answering those types of questions. [Tr. 26 & 27] [emphasis supplied]
Alston has been quoted at length to show the obvious: he wants to file legal papers on behalf of third parties; he wants to participate in Court proceedings on behalf of third parties; he wants to draft legal documents[4] on behalf of third parties; and he wants to file documents with Courts and third parties in a manner that would lead others to believe Alston is authorized and qualified to give legal services.
In other words, Alston wants to play lawyer. But he is not licensed to do so and he should be prevented from doing so.
Alston's repeated defense to his conduct[5] is:
"So, what I am suggesting to this tribunal is that what I have been doing has either been sanctioned by two court orders. One from [Federal] Judge Sue Robinson and one from [Federal Judge, now United States Supreme Court Justice] Samuel Alito. That is what I am saying." [Tr. 46-47]
Alston was directed to produce copies of the above referenced orders to the Board; he said he would. ODC had no objection.[6] [Tr. 41, 50, 57-58]
Nothing related to Judge Robinson's or Justice Alito's orders has been received by the Board, post-Hearing, from Alston.

- - - - - - - - - - - - -
As noted above. ODC requests:
"..the Board find as a matter of fact and law that the Respondent has engaged in the unauthorized practice of law in the State of Delaware; and that the Board express its findings in a final report to the Court recommending that the Respondent cease and desist from engaging in the unauthorized practice of law in the State of Delaware by acting in a representative capacity in a Delaware legal tribunal or governmental agency, by giving legal advice on matters relating to Delaware law, by drafting documents reflecting upon Delaware law for use in a Delaware legal tribunal or Governmental agency, and holding himself out as being authorized to practice law in the State of Delaware."
This Board adopts the just-quoted statement as its findings and recommendation.
However, the Board cautions the requested remedy may not be sufficient; Alston has been consistent in his refusal to accept limitations on his conduct. The Court may be required to additionally Order that no Delaware Court, agency, governmental body, or other entity over which the Court can assert jurisdiction accept any filings, of any kind whatsoever, where Alston in any way attempts to, or purports to, be acting in any capacity for a third party or entity. Such an Order would limit Alston to only pro se conduct, acting solely in his name for his personal matters.

NOTES
[1] Also called "Triple 7 Para-Legal Services"
[2] The Board was also asked to take judicial notice of another case involving Alston, Alston v. Delaware Department of Justice, et al, Del Supr., 931 A2d 436 (2007)
[3] In his documentation Alston noted he took the "Para-legal course of study at Del. Tech.. . [and] received my certificate of completion in 2005." Alston's Affidavit filed 6/1/2008, p 1-2.
[4] Or documents which purport to be legal documents.
[5] Aside from the fact he feels wronged by a "corrupt", "racist", "personally bias", and "ungodly" legal and judicial system. [As to these allegations, not a scintilla of evidence was produced or introduced; the allegations are wholly without any factual basis and will be ignored by the Board.]
[6] ODC also agreed that all documents submitted by Alston prior to the Hearing could be considered by the Board. [Tr. 68]